M. O. Williams and William Kurz
v.
Importers and Traders National Bank.

The Jennings Trust Company, Assignee, et al.,
v.
Merchants National Bank.

*Assignments—Banks—Act for Protection of Depositors, Approved June 4, 1879—Sec. 4.*

A private banker, who received savings deposits, and who had indorsed and had discounted at other banks, in the ordinary course of business, commercial paper, having made an assignment, and the holders of such paper having presented their claims for allowance in the County Court, on appeal from the orders of the County Court allowing such claims, this court holds that the presumption of law is that the insolvent held the paper for value; that the discount of the paper in question was not forbidden by Sec. 4 of an act for the protection of bank depositors forbidding banks to guarantee notes, etc., "for or on account of" other

persons, and that the fact that the claimants had received dividends from the estates of the makers of the paper, also in insolvency, does not prevent their proving up and taking dividends upon the full amounts of their claims here.

[Opinion filed April 29, 1892.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Messrs. E. U. FLIEHMANN and HURLEY & KOERNER, for appellants Williams and Kurz.

Messrs. E. U. FLIEHMANN and AZEL F. HATCH, for appellants Jennings Trust Co. et al.

Messrs. WILLITS, ROBBINS & CASE, for appellee Importers and Traders National Bank.

Mr. E. A. OTIS, for appellee Merchants National Bank.

GARY, J. The respective appellees are creditors of the late W. L. Prettyman, an insolvent, whose assets are being administered by the Jennings Trust Co., as assignee, under the direction of the County Court. From the orders of that court allowing the claims of the appellees against such assets, contesting creditors, the appellants in the first case, and the assignee in the second case, prosecute these appeals.

Prettyman was a private banker receiving savings deposits. All the claims allowed are upon his guarantees or indorsements of negotiable paper, discounted by the appellees for him, in the ordinary course of business. The presumption of the law is that he held the paper for value. 1 Dan. Neg. Ins., Sec. 812. There is no proof to the contrary. To re-discount it, and thus to obtain value, with perhaps profit added, is not prohibited by Sec. 4 of an act for the protection of bank depositors, approved June 4, 1879. It is as follows:

" It shall be unlawful for any savings bank, individual or

individuals doing banking business, banking company, or incorporated bank receiving savings deposits or deposits of trust funds, to assume the payment of or to become liable for, or to guarantee to pay the principal of or interest on any bonds, notes or other evidence of indebtedness of, for or on account of any person or persons, company or incorporation, and any assumption, liability or guarantee whereby such deposits or trust funds could be jeopardized, shall be null and void."

The transactions forbidden are "for or on account," that is, for the benefit or accommodation of another. That from the estates, also in insolvency, of the makers of the paper, the appellees get dividends, does not prevent them from proving up and taking dividends upon the full amounts here, provided that from all sources they get no more than full payment. The principle of the decision in the matter of Bates, 118 Ill. 524, governs.

There is no other question in either case requiring attention, and the judgments of the County Court are affirmed.

*Judgments affirmed.*