WILLIAM ELIOT FURNESS ET AL., ADMINISTRATORS,

v.

THE UNION NATIONAL BANK OF CHICAGO.

*Administration—Claim of Seventh Class.*

1. In proceedings under insolvency laws a secured creditor may prove for and receive a dividend upon the full amount of his claim, notwithstanding he may, after proving, have realized upon the security, provided that he can not from all sources realize more than the amount of his debt.

2. A creditor holding security may charge against the proceeds of such collateral, such expenses as are reasonably necessary in keeping, caring for, protecting and realizing upon his pledge.

3. In respect to the administration of estates, the estate in a given case consists of that which comes to the hands of, and may be administered by the administrator or assignee; that which is available for the benefit of all creditors. That which is pledged, held as security, belongs to the

creditor for whose benefit it has been pledged; only what is left after a discharge of the lien, is assets of the estate. An administrator may, at any time, with the sanction of the court, pay off the secured debtor and make his security a part of the estate.

4. Upon an appeal by administrators from an order allowing a claim to be paid as a claim of the seventh class, in the administration of a given estate, certain notes having been given for a loan by claimant to their intestate, the controversy resulting from the fact that claimant held certain collateral as security for such notes, and had realized therefrom part of its claim, this court holds in view of the evidence, that there is nothing in the contention of appellants, that a certain agreement entered into by them with claimant, touching the indebtedness in question, is not binding upon them, because signed by them only, because upon the faith thereof rights have arisen thereunder which the courts are now merely called upon to enforce, and declines to interfere with the judgments against them.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. DAVID FALES, for appellants.

Messrs. WILLITS, ROBBINS & CASE, for appellee.

MR. JUSTICE WATERMAN. As to the suggestion by appellants that the executory agreement made February 15, 1890, having been signed by them only, is not binding upon them, it may be said that if the agreement had never been acted upon and application were now made to compel appellants to adhere to the consent they then gave, the court might well hesitate about enforcing the promise thus made. Such is not the question presented to this court. The agreement has been acted upon, large sums of money have been paid out thereon, the situation of the parties has been materially changed in consequence of such agreement, and because of what has been done upon the faith of such agreement, rights have arisen thereunder, which the courts are now merely called upon to enforce.

It then becomes necessary to consider what the rights of

a creditor, holding securities, are against the insolvent estate of a decedent, being administered in the Probate Court. That he is entitled to make proof for the full amount of his claim, is undisputed; is he, when, after proof, he realizes from his securities a portion of his claim, entitled in the Probate Court to a *pro rata* dividend upon the amount of his claim as proven, or only upon the amount as reduced by what he has realized from his security?

It is in this State and others well settled that in proceedings under insolvency laws, a secured creditor may prove for and receive a dividend upon the full amount of his claim, notwithstanding he may, after proving, have realized upon his security, provided that he can not from all sources realize more than the amount of his debt. In re Bates, 118 Ill. 524; Jennings Trust Co. v. Merchants Nat. Bank, 44 Ill. App. 295; Kellock's Case, L. R., 3 Ct. App. 768; Patten's Appeal, 45 Penn. St. 151; Morris v. Olwine, 22 Pa. St. 441; Citizens Bank of Paris v. Patterson, 78 Ky. 291; Miller's Estate, 82 Penn. St. 113; Brown v. Merchants Nat. Bank, 79 N. C. 244.

The case of Mason v. Bogg, 2 My. & Cr. 443, was an action brought against John Bogg as the administrator of Thomas Bogg, deceased, upon the covenant of the deceased, in his lifetime, made to pay a certain mortgage. The plaintiff, an application having been made to restrain the prosecution of the said suit, was permitted to proceed with his suit without giving up his securities, and the court refused to order that such securities be sold. The lord chancellor there said: "It is to be observed that a mortgagee has a double security; he has a right to proceed against both, and to make the most of both. Why he should be deprived of this because the debtor dies and dies insolvent, it is not easy to see. The question can only arise when there is a deficient security and an insolvent estate. So that the worse the creditor's case, the harder the course of the court against him. * * * The effect of what you contend for, is, that if the debtor dies, the nature of the creditor's rights is altered."

The rule applicable in the case of insolvent estates of living parties was applied in the case of an insolvent estate of a deceased person, in West v. Bank of Rutland, 19 Vt. 403.

It is urged that because claims proven in the Probate Court draw interest, the rule prevailing in cases of mere insolvency is not applicable. All claims proven against the estate of a decedent bear interest; the matter of interest does not, therefore, seem to affect the *pro rata* distribution.

In respect to the administration of all estates, it may be said that the estate really consists of that which comes to the hands of and may be administered by the administrator or assignee; that which is available for the benefit of all creditors. That which is pledged, held as security, belongs to the creditor for whose benefit it has been pledged. Only what is left after a discharge of the lien, is really assets of the estate. The creditor is permitted to prove for the entire amount of his claim, because that is what the estate owes to him. If the creditor, out of something that is not really a part of the estate, *afterward* realizes a portion of his claim, he is still permitted to take a dividend upon the sum proven, provided that such dividend does not, with what he has already received, more than pay his debt; because it is just and equitable that he be paid in full, and other creditors have no right to any benefit from the security held by him until he has been paid in full. Of course the administrator may at any time with the sanction of the court, pay off the secured creditor and make his security a part of the estate. The disbursement of appellee on account of its security was properly allowed.

A creditor holding security may charge against the proceeds of such collateral, such expenses as are reasonably necessary in keeping, caring for, protecting and realizing upon his pledge. Jones on Pledges, Sec. 400.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*