## George A. Kittredge v. Charles W. Nicholes et al.

1. Foreclosure—*Of Trust Deed by Heirs of the Holder of the Note.*— A bill to foreclose a trust deed may be sustained by the heir of the legal holder of the note secured by such trust deed.

2. Administration of Estates—*Notes Secured by Trust Deed.*—The holder of a note secured by a trust deed executed by a deceased person upon his real estate is not required to probate his note so secured against the estate. He may elect to rely upon the security of the trust deed and he, or in case of his death, his heirs, may foreclose the same, and so, too, after the settlement of the estate.

3. Same—*Sale of Real Estate to Pay Debts—What Interest Passes.*— A sale under a decree of the Probate Court by an administrator of incumbent real estate, to pay the debts of a deceased person, passes only the equity which the estate of the deceased had in the property.

4. Same—*Rights of Holders of Incumbrances on Real Estate Sold to Pay Debts of a Deceased Person.*—The holders of notes of a deceased person secured by a trust deed upon his real estate, and who elect not to probate their claims, lose none of their rights by suffering a default to be taken against them in a proceeding to sell such real estate to pay debts upon a petition asking for a sale subject to such incumbrance.

**Foreclosure,** of trust deed by an heir, etc. Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed November 18, 1895.

### Statement of the Case.

This is a bill to foreclose a trust deed made by William C. Gibbons July 20, 1880, to secure a note made by himself, payable to Sidney L. Darrow three years after date.

William C. Gibbons died in Chicago February 27, 1883. Letters of administration upon his estate were granted to Ellen Gibbons, his widow, August 6, 1883, by the Probate Court of Cook County.

The indebtedness represented by this note and trust deed was never presented as a claim against the estate of William C. Gibbons in the Probate Court of Cook County or elsewhere.

Ellen Gibbons died after settlement of said estate. Sid-

ney L. Darrow died January 17, 1893. Daniel C. Nicholes. trustee, died May 6, 1889. Noah E. Gary, administrator of the estate of Darrow, died February, 1894.

The note was never in possession of Gary as administrator of Darrow's estate. This bill was filed by direction of one of the heirs of Darrow's estate on the 18th of July, 1893, ten years, lacking two days, after the maturity of the secured note, and more than five years after the final settlement of the account of the administratrix of the estate of William C. Gibbons.

Upon a petition filed September 1, 1887, by said Ellen Gibbons in the matter of said estate, in the Probate Court of Cook County, a decree was entered authorizing her to sell the premises described in the mortgage. Sidney L. Darrow, the supposed holder of the note, and Nicholes, the trustee named in the trust deed, appeared and consented to a default without answer.

The petition of said Ellen Gibbons in said matter contained the following: "That on the 20th day of July, 1880, the said William C. Gibbons and Ellen Gibbons, his wife, made their certain trust deed of said lot twelve (12) to Daniel C. Nicholes, as trustee, to secure a note of five hundred dollars ($500), payable to the order of Sidney L. Darrow, which said trust deed is still outstanding, and that the said Daniel C. Nicholes, as trustee, and Sidney L. Darrow, as the holder of said note for five hundred dollars ($500), have a claim against the above described lot twelve (12)." In the decree upon such petition the court found as follows: The court found that the interest of the defendant (thereto), Daniel C. Nicholes, is that of a trustee in a certain trust deed on said above described lot twelve (12), made by William C. Gibbons and Ellen Gibbons, his wife, on the 20th day of July, 1880, to secure a certain note for five hundred dollars ($500), payable to order of Sidney L. Darrow, and that the interest of the said Sidney L. Darrow is that of the legal holder of said note for five hundred dollars ($500).

L. S. Hodges, attorney for appellant.

Brown & Snyder, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

Counsel for appellant say that two questions are presented to this court by this record.

First. Under the evidence in this case, is Sec. 70, Chap. 3, Rev. Stat. 1874, which says, "All demands not exhibited within two years, as aforesaid, shall be forever barred unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator," a bar to this proceeding?

Second. Does the appearance of the owner of the note, and the trustee in the trust deed, in the proceeding to sell the real estate to pay the debts of the deceased, and consenting that their default might be entered, operate as an estoppel to this suit?

We quite agree with appellant in his contention that where the principal thing, the debt secured by mortgage, falls, with it that goes to which it was but an incident.

In the present case the debt is not gone; has not been paid; it is yet a subsisting obligation. The statute (Sec. 70 of Chapter 3, R. S.), is, in effect, that demands not exhibited within two years shall be barred, except as to estate of the deceased not inventoried or accounted for by the executor; the demand thus remains an obligation enforcible out of such estate as is excepted.

Only the equity which the estate of William C. Gibbons had in the property mortgaged to secure this debt was sold under the petition filed by his administratrix in the Probate Court; all that the estate owned, and no more, was what the purchaser acquired. Furness et al., Adm'rs, v. Union Nat. Bk., 46 Ill. App. 522; Levy v. Chicago Nat. Bk., 57 Ill. App. 143.

The petition did not ask, and the decree was not for, a sale of the premises free and clear of the mortgage; such a sale might, under a proper petition and decree, have been had under the provisions of Section 100 of Chapter 3 of the Revised Statutes.

It is true, as is urged, that for many purposes a mortgagor is regarded as the owner of property by him mortgaged; but in a court of equity he is treated as the owner of that only which he really owns.

The case of Mulvey v. Johnson, 90 Ill. 457, holding that after the lapse of the two years provided by statute, a deficiency decree could not, in foreclosure proceedings, be rendered against the estate, is in no wise favorable to appellant. No deficiency decree against the estate of William C. Gibbons has been rendered or asked.

It was not necessary to a saving of the rights that the mortgagees should answer the petition for sale filed in the Probate Court; that petition set forth the existence of the mortgage, and the court in its decree fully recognized the rights of the mortgagees.

The decree of the Superior Court is affirmed.