Ellen Mulvey *et al.*

*v.*

William T. Johnson.

</div>

90   457
60a   607
90   457
165   132

1. Administration—*limitation—decree when debt is barred.* Where a bill to foreclose a deed of trust is filed against the administrator, widow and heirs of the deceased debtor and grantor, more than two years after the grant of letters of administration, the claim not having been exhibited within that time in the county court, and the bill not alleging the insufficiency of the mortgaged premises to satisfy the debt, nor asking for any decree against the administrator, it is error to render a decree against the administrator for any deficiency of payment by sale of the property, and award execution therefor. The decree of deficiency should be paid only out of any subsequently discovered assets, and should not award an execution.

2. Limitation—*when need not be pleaded.* Where a bill to foreclose does not allege the insufficiency of the mortgaged premises or ask a decree against an administrator, who is made a party, for any deficiency, it is not necessary that the administrator should plead the two years limitation in defense in order to avail of its benefit.

3. Chancery—*preserving evidence in the record.* A decree of foreclosure, so far as it allows a solicitor's fee, under a clause in the mortgage, will be reversed, if the evidence on which it is allowed is not preserved in the record.

Appeal from, and Writ of error to, the Superior Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

This was a bill filed by William T. Johnson, against the administrator, widow and heirs at law of Robert E. Mulvey, deceased.

From the decree rendered in the case the defendant, Ellen Mulvey, appealed to this court, and Daniel T. Mulvey and Ellen Mulvey, the administrators of the estate of Robert E. Mulvey, prosecuted a writ of error from this court to reverse the decree.

Mr. F. W. YOUNG, for the appellant and plaintiffs in error.

Mr. HIRAM BARBER, JR., for the appellee and defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill filed against the administrator, heirs and widow of Robert E. Mulvey, deceased, for the foreclosure of a certain trust deed of premises, executed by said Mulvey in his lifetime on August 14, 1873, to secure the payment of three promissory notes of that date to James H. Sybrant, payable in one, two and three years respectively, with 8 per cent interest.  The bill was filed by the appellee, William T. Johnson, as the indorsee of the notes before maturity.  A decree of foreclosure passed for the amount of the notes and interest, and the defendants in part appealed, and in part sued out a writ of error from the decree.

It was set up in defense that two of the notes had been paid by Mulvey to Sybrant subsequent to their transfer to Johnson, by labor performed by Mulvey for Sybrant, and that Sybrant was the agent of Johnson to receive payment of the notes, or that Johnson fraudulently suffered the payment of the notes to be made to Sybrant, and it is urged that the decree is erroneous in not so finding.  From an examination of the proofs, we are satisfied that they do not sustain the charge that Sybrant had any authority from Johnson to receive payment on the notes, or that there was any fraudulent conduct on the part of Johnson in allowing payment to be made to Sybrant.

The decree ordered a sale of the premises, and that if the proceeds of the sale were not sufficient to satisfy the amount found due, the deficiency be paid by the administrator out of the assets of the decedent, and that complainant have execution therefor.

There is an assignment of error as to this portion of the decree, and we think it well taken. The letters of administration were granted April 30, 1874. The bill was not filed until July 25, 1876, more than two years after the grant of the letters of administration, and no claim was filed against the estate in the county court. The statute provides, (Rev. Stat. 1874, p. 116, sec. 70,) that all demands against the estate of any decedent not exhibited to the county court within two years from the granting of letters of administration shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate.

The decree of deficiency should not have been, as it was, to be paid out of the assets generally, but only out of subsequently discovered estate. It is said this objection can not be taken because the Statute of Limitations was not set up in the answer. The bill did not allege the insufficiency of the mortgaged premises, or ask a decree for any deficiency, and the administrator had no reason to suppose that a personal decree would be rendered against him for any deficiency, and that he was called upon to make defense against the same. Under such circumstances, at least, it was not necessary that the limitation of the statute should have been set up in the answer, in order to avail of its benefits.

The deed of trust contains this provision: If, for any cause, it shall become necessary to foreclose this instrument by suit at law or in chancery, then the court may allow reasonable attorney's or solicitor's fees, to be taxed and paid as part of the costs of such proceeding. The decree allowed $50 solicitor's fees, and this is assigned as error.

There is no evidence preserved in the record upon which this allowance was made. The majority of the court hold that this allowance is error, there not appearing in the record any evidence to warrant the allowance of that sum. See *Goodwillie et al.* v. *Millimann,* 56 Ill. 523.

The decree, so far as it respects the payment of any deficiency by the administrator, the award of execution against him, and the allowance for solicitor's fees, is reversed; in all other respects it is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

*Decree affirmed in part, and in part reversed.*