## REID ET AL. v. SULLIVAN.

1. DEEDS OF TRUST.
A deed of trust upon real estate to secure the payment of a debt conveys the legal title to the trustee.

2. ADMINISTRATION—NONCLAIM.
The statute of nonclaim (Mills' An. Stats., sec. 4780) does not apply to claims secured by deeds of trust.

3. ADMINISTRATION—FORECLOSURE OF TRUST DEEDS.
Two conditions upon which a deed of trust executed by a decedent may be foreclosed are imposed by law. They are: *First*, permission to foreclose at an earlier date than one year from the death of the testator or intestate must be obtained from the county court; and, *second*, the debt or claim secured must be first proved and allowed by such court.

*Appeal from the District Court of La Plata County.*

JOHN REID in his lifetime. executed certain promissory notes, securing the same by deeds of trust upon real estate. Afterwards Reid died, leaving such notes unpaid, and also unsecured debts aggregating a large amount.

Letters of administration upon Reid's estate were duly issued, but the secured notes were not presented to the county court for allowance prior to the institution of the present action, or at all. An effort was, however, made to sell under the powers conferred by the deeds of trust, but the sales were enjoined by the county court at the suit of certain of the unsecured creditors. Upon final hearing this injunction was made perpetual, and the case was thereupon taken by appeal to the court of appeals, where it was still pending and undetermined at the time of the trial of the present case in the district court.

Sullivan, the holder of the secured notes, brought this action in the district court for the purpose of obtaining an order of sale, subjecting the real estate covered by the deed of trust to the liens of the trust deeds. In the district court judgment was entered in his favor, and the administrators bring the case here upon appeal.

The following statutes of this state are relied upon in argument:

" All demands against the estate of any testator or intestate shall be divided into classes in manner following, to wit:

" *First*—All funeral and other expenses attending the last sickness shall compose the first class.

" *Second*—All expenses of proving the will and taking out letters testamentary or of administration and settlement of the estate, and the physician's bill in the last illness of the deceased, shall compose the second class.

" *Third*—Where any executor, administrator or guardian has received money, as such, his executor or. administrator shall pay out of his estate the amount thus received and not accounted for, which shall compose the third class.

" *Fourth*—All other debts and demands of whatsoever kind, without regard to quality or dignity, which shall be exhibited within one year from the granting of letters, as aforesaid, shall compose the fourth class ; * * * and all demands not exhibited within one year, as aforesaid, shall be forever barred, unless such creditor shall find other estate of the deceased

not inventoried or accounted for by the executor or administrator ; in which case his claim shall be paid *pro rata* out of such subsequently discovered estate, saving however, to *femmes covert*, persons of unsound mind, or imprisoned, or beyond seas, the term of one year after their respective disabilities be removed, to exhibit their claim." Sec. 4780, Mills' An. Stats.

" Creditors of any estate whose debts are secured by mortgage or deed of trust on real estate, shall not be allowed to foreclose such mortgage or deed of trust within one year from the death of the testator or intestate, unless by the permission of the county court having charge of the estate, and not until their debts or claims have been allowed by such court." Sec. 8, p. 395, acts of 1885.

" Creditors of any estate whose debts or claims are secured by mortgage or deed of trust on real estate, or by chattel mortgage or other security, on personal property, shall not be allowed to foreclose such mortgage, deed of trust, chattel mortgage or other security, within one year from the death of the testator or intestate, unless by the permission of the county court having charge of the estate, and *in no event* until their debts or claims have first been proved and allowed by such court; *Provided*, That the lien of any such creditor having security upon personal property, as aforesaid, shall not be impaired by such suspension of his remedy." Sec. 4783, Mills' An. Stats.

Messrs. RUSSELL & RITTER, Mr. H. N. HAWKINS and Mr. T. M. PATTERSON, for appellants.

Messrs. WELLS, TAYLOR & TAYLOR, for appellee.

Mr. R. D. THOMPSON, *amicus curiæ*.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This record presents an important question, viz.: Under

Colorado statutes may creditors whose claims are secured by deeds of trust upon real estate of the debtor, foreclose after the death of the debtor, before such claims are allowed against the estate in the course of administration?

Following the order of argument pursued by counsel, we will first consider the general statute of nonclaims of this state,—Mills' An. Stats., sec. 4780. Appellants contend that, under the fourth subdivision of the act, appellee's claim is absolutely barred. The language of the section is: "All other debts and demands of whatsoever kind, without regard to quality or dignity, which shall be exhibited within one year from the granting of letters, as aforesaid, shall compose the fourth class; * * * and all demands not exhibited within one year, as aforesaid, shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried," etc.

This or similar statutes have been repeatedly before the courts of other states for construction. Able opinions in support of appellants' contention have been written by the courts of last resort in the states of Texas, California and Florida. See *Graham v. Vining, Adm'r*, 1 Tex. 639; *Graham v. Vining, Adm'r*, 2 Tex. 433; *Duty v. Graham*, 12 Tex. 427; *Ellissen v. Halleck*, 6 Cal. 386; *Ellis v. Polhemus*, 27 Cal. 350; *Sichel v. Carrillo*, 42 Cal. 493; *Pitte v. Shipley*, 46 Cal. 154; *Harp v. Calahan*, 46 Cal. 222; *Verdier v. Roach*, 31 Pac. Rep. (Cal.) 554; *Bush, Trustee, v. Adams, Adm'r*, 22 Fla. 177. But outside of the states mentioned, a contrary rule prevails. See *Allen v. Moer*, 16 Iowa, 307; *Willard v. Van Leeuwen*, 56 Mich. 15; *Simms v. Richardson*, 32 Ark. 297; *Allen v. Smith*, 29 Ark. 74; *Smith v. Gillam*, 80 Ala. 296; *Scammon v. Ward*, 1 Wash. 179; *Reed v. Miller*, 1 Wash. 426; *Edgerton v. Schneider*, 26 Wis. 385; *Miller v. Helm*, 2 Smedes & Marsh. 687; *Bank v. Doe*, 19 Vt. 463; *Dodge v. Mack*, 22 Ill. 93. See, also, *Judy v. Kelley*, 11 Ill. 211; *Mulvey v. Johnson*, 90 Ill. 457; Woerner's American Law of Administration, sec. 409, pp. 860, 861.

The arguments controlling in those jurisdictions in which

it has been held that claims secured by mortgage or deed of trust upon real estate are not within the general language of the statutes of nonclaims, are that such claims cannot in any just sense be considered as claims against the estate, but that the right to subject specific property to the claim arises from the contract of the debtor, whereby he has during life set aside certain property for its payment, and that such property does not belong to the estate, and that the instrument being of record is notice to all the world of the contract.

In the states of Texas, California and Florida, where the exceptional doctrine prevails, and such secured claims are held to be within the general statutes of nonclaims, it has been thought that the language of the statutes whether the word claims, debts or demands is used, is sufficiently comprehensive to include every species of charge against the estate, whether recorded or unrecorded. In those states the question has usually arisen upon mortgages, and in a number of instances much weight has been given to the fact that in the particular jurisdiction a mortgage on real estate did not convey the legal title to the mortgagee. This reason does not exist in this state where the security, as in this case, is by deed of trust, as such an instrument conveys the legal title to the trustee. *Stephens v. Clay*, 17 Colo. 489.

Although in the state of California the statute of nonclaim has been held to embrace claims secured upon real estate, in the case of *Whitmore v. San Francisco Savings Union*, 50 Cal. 145, the failure to present a claim secured by deed of trust within the time fixed by the statute was held not to extinguish the debt, and a majority of the court expressly refused to compel the creditor to deliver up his securities. Justices Crockett and McKinstry dissenting. Mr. Justice Crockett in his dissenting opinion claims that the conclusion reached by the majority is inconsistent with the previous decisions of the court, requiring the presentation of all claims, and we think the decision in the *Whitmore Case* weakens the force of such previous opinions as precedents.

Our statute is like the statute of the state of Illinois, and

was evidently taken from that state, and with the statute we took the construction theretofore given it in that state, to the effect that it did not apply to secured claims. *Dodge, Adm'r, v. Mack, supra.* While counsel are correct in the statement that in adopting the statute we adopted only the construction that had at the time been given to it by the Illinois court, they are in error in assuming that the statute had not been construed previous to the time at which it was transplanted to this jurisdiction. The decision in the *Dodge-Mack Case, supra,* was rendered in the year 1859. In that case it is expressly held that if an execution is delivered to the sheriff during the life of the execution debtor, and such debtor dies before a levy has been made, the officers may proceed to levy and sell, notwithstanding the statute.

After quoting the section under consideration, the court says:

" Thus it will be seen that whether a debt be due by judgment, bond, or simple contract, if resort is had to the mode prescribed by this statute for its payment, no preference is given. Yet that there are cases where the debt may be collected without filing the claim, and sharing in the distribution of the assets, is undoubtedly true. As where the creditor holds a mortgage on property of deceased, or where property has been pledged to secure the payment of the debt, or where there has been a recovery and an execution issued and levied in the lifetime of the deceased, in each of these cases, the property thus bound may be sold, after the debtor's decease, in satisfaction of the debt. In each of these cases the creditor has acquired a lien, and the specific property has been appropriated either by the debtor, or by the law, for its satisfaction, and the death of the debtor can in no wise affect the rights of the creditor."

Although the precise question · has not heretofore been passed upon by this court, the statute under consideration was adopted early in the sixties, and the decisions of the Illinois court thereon have been accepted and acted upon without question for many years. Title to property worth

many millions of dollars has been passed, upon the supposition that the statute did not affect secured claims. We would not, therefore, be justified in setting aside, for any but the most cogent reasons, a construction that has so long been followed and so generally acquiesced in. Moreover, while there is some conflict in the cases, as we have shown, the decided weight of authority is in favor of the conclusion that the general statute does not apply to claims secured by mortgages or deeds of trust, where the creditor relies solely upon the property covered by his lien, and relinquishes all claim against the general assets of his deceased debtor. For the reasons stated, we are of the opinion that section 4780 does not apply to claims secured by deed of trust upon real estate.

This brings us to a consideration of the acts of 1885 and 1889. Section 8 of the former relates expressly to mortgages and deeds of trust on real estate. It provides that "creditors of any estate whose debts are secured by mortgage or deed of trust on real estate shall not be allowed to foreclose * * * within one year * * * unless by the permission of the county court * * * and not until their debts or claims have been allowed by such court."

In the year 1889 this statute was amended and extended to claims secured by chattel mortgage, and the words "and not until" were changed so that the statute reads "in no event until," and a proviso was also added to the effect that the lien of such creditor upon personal property shall not be impaired by such suspension of the remedy.

It is contended that the language, "and in no event until their debts or claims have been first proved and allowed by such court," is referable only to the preceding clause, which provides for the foreclosure within one year by permission, etc. The intent, it is said, is to permit the foreclosure within the year, in the discretion of the court, *provided* the claim is first allowed, no allowance being necessary to foreclosure after the year.

But this construction does violence to the language of the

act, which reads that creditors shall not be allowed to fore-close within one year, etc., and (not) in no event until their debts or claims have been allowed. We know of no reason why presentation and allowance should be required as a con-dition precedent to foreclosure within one year, that does not apply with greater force to foreclosures after that time. The statute would be unavailing as a protection to the estate, if foreclosures could be taken after one year without proving the claim, as with the lapse of time the opportunities for fraud would be increased, rather than diminished. It is the foreclosure in the absence of proof and allowance of the claim that is prohibited. The reason for this is obvious. Experi-ence has shown that foreclosure proceedings are sometimes attempted when the claim had been fully or in part paid, and the courts in the states of Texas, California and Florida have in vigorous language pointed out the necessity for pro-tecting estates from summary proceedings by foreclosure, without requiring the claimant to first establish his claim to the satisfaction of the court charged with the administration of the estate, and without giving the representatives of the deceased an opportunity for a judicial investigation in ad-vance.

Two conditions are imposed by the act, viz.: 1. The time at which a foreclosure may be had is postponed for one year from the death of the testator or intestate, unless permission to fore-close at an earlier date be obtained from the county court. 2. As a condition precedent to foreclosure, the debt or claim secured must be first proved and allowed by such court.

Whatever doubt might otherwise exist with reference to the law upon the question is set at rest by the plain language of the acts. The statute is decisive of this appeal, as it is admitted by the pleadings that the notes which form the basis of the suit were never allowed or presented to the county court.

It is not necessary in this case to determine the time within which such claims must be presented. It has been argued that the presentation provided for must be made within a

year after the death of the testator or intestate, and also that it may be made at any time before the estate has been finally administered, but as the claims relied upon in this case have never at any time been presented to the county court for allowance, it is unnecessary to determine this question in this case, and we think it would be improper to do so, particularly as other cases are pending in which the question of time of presentation is necessary to a decision. If we at this time should go beyond the case presented by the record, our conclusion upon other matters ought not to control in a subsequent case, and we do not feel at liberty to undertake the decision of a question of such vast importance, affecting as it does large property rights and many claimants, until a case is reached directly involving the precise point.

In this case the decree of the district court is erroneous, for the reason that the claim had not been allowed by the county court. The judgment will accordingly be reversed and the cause remanded.

*Reversed.*