(No. 25322.—■)
MILTON M. MARKUS, Appellee, *vs.* THE CHICAGO TITLE
AND TRUST COMPANY *et al.*—(ELIZABETH BARNETT
LEWIS *et al.* Appellants.)

*Opinion filed April 10, 1940—Rehearing denied June 5, 1940.*

SABATH & SABATH, for appellants.

HARRY A. BOISSAT, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here to review the decree of the superior court of Cook county foreclosing a junior mortgage, as prayed by plaintiff, appellee, and dismissing appellant Lewis' counterclaim by which she sought to have the fee simple title to the premises declared in her.

The facts upon which this case arises, are briefly as follows: Appellant, then Elizabeth Barnett, purchased a hotel

property in 1923. At that time it was subject to a first mortgage of $105,000. On March 1, 1926, she, as Elizabeth Barnett Lewis, and her husband, in consideration of 1000 shares of stock of the Barnett-Vincennes Hotel Corporation, which was the entire capital stock of that corporation, conveyed this property to it. She took 998 shares, and one share each was issued to Delia Pendleton and Mabel Reynolds. On April 1, 1929, the corporation executed a junior mortgage trust deed to secure a note of $80,000 payable to one E. H. Shepley, and simultaneously executed a note for $5500 as additional security. At that time the corporation also executed a chattel mortgage on the furniture of the hotel, also as additional security for the payment of the junior mortgage. At the same time there was delivered to Shepley the stock of the hotel corporation. On April 23, 1929, Shepley borrowed $30,000 from the Lincoln State Bank of Chicago, giving his note therefor, and pledged as collateral for that loan the note of the hotel corporation issued to him, the junior mortgage trust deed securing that note and the chattel note and mortgage, and endorsed those notes to the bank, turning over at the same time the 1000 shares of stock of the corporation.

Shepley's note not having been paid, the bank, by notice and publication, offered for sale, at public auction, the notes, the junior mortgage trust deed and chattel mortgage, and the stock certificates held by Shepley, as described. These notes and securities were bought by the bank itself for the unpaid balance due on the Shepley note. The bank was closed and on August 31, 1934, plaintiff, appellee, purchased from the receiver, for the sum of $4000, the $80,000 note and junior mortgage trust deed, the note and chattel mortgage, together with the 1000 shares of stock of the corporation pledged as collateral.

It appears that the hotel corporation had been, by decree of the superior court, dissolved on April 10, 1929. At the time of dissolution, and at the time of the purchase of the

notes and securities by the plaintiff, title to the premises stood in the name of the corporation. The first mortgage not having been paid, the same was foreclosed, and on December 16, 1936, a master's sale, pursuant to the decree of foreclosure, was held, and Mrs. Lewis and her husband, as joint tenants, purchased the property for $10,000. They received a master's certificate of sale and on September 28, 1937, appellee, as the owner and holder of the notes and junior mortgage, paid to the master in chancery $10,470, and received from him a certificate of redemption. This sum appellants refused, on proffer, to accept. Thereafter, appellee transferred the 1000 shares of stock in the corporation to one Carlson, who was made party defendant herein and whose interests were foreclosed by the decree. He has not appealed from that decree. Appellee filed foreclosure proceedings seeking foreclosure of his junior mortgage, and that is the case before us.

Other persons were made defendants to this proceeding on account of alleged interest, unnecessary to go into here, and appellants filed an answer admitting the facts alleged except as to the indebtedness of the corporation in the sum of $80,000, and averring that the $80,000 was placed on the building as a junior mortgage on the advice of appellants' banker, as additional security for a large number of the bonds against this building, which had been secured by the first mortgage, and which bonds were owned by the bank, and appellants allege that there was no consideration for such loan.

The answer further averred that under the statutes of the State, where, upon dissolution of a corporation the court had not liquidated its assets, while the dissolution affected no right and impaired no remedy against the corporation for any of its liabilities for a period of two years after dissolution, yet if suit is not brought and service had within two years after dissolution, a right of action no longer exists against the corporation; that since the suit to foreclose in

this case was not instituted for more than two years after the dissolution of the corporation the notes and mortgages were no longer liens against the premises, and the owners of the notes and mortgages, on the expiration of two years after dissolution, became general creditors; that since they did not file suit against the corporation and no corporation now exists for the purpose of such suit, the debt no longer exists, and this being so, appellee's purchase of the notes, mortgages and stock availed him nothing. It is also alleged that upon dissolution of the corporation the title to the property went to Mrs. Lewis as the owner of the stock, and that she, in law, now holds the property free from those encumbrances; that if the stock be considered as having been pledged when the junior mortgage trust deed was executed, it was but a pledge, and the debt for which the pledge was given having been voided, appellant Lewis owns the stock clear of any pledge.

Appellants' case hangs on the proposition that since there has been a dissolution of the corporation and no foreclosure within two years thereafter, Mrs. Lewis is the owner of the property and the junior mortgage sought to be foreclosed in this instance is void and the debt discharged. The argument is that since the corporation is no longer in existence and the debt is a corporate debt, the debt falls and with it the mortgage, which is but an incident of the debt, and as Mrs. Lewis owned all of the stock at that time, she became the owner of the premises. It is, on the other hand, conceded that where the debt is paid or barred by the Statute of Limitations, a mortgage being but incident to the debt, is no longer a lien on the property; but it is contended that in a case such as this, where the debt was not barred by the Statute of Limitations or paid, failure to bring this action to foreclose the mortgage within two years after dissolution of the corporation does not defeat the right of foreclosure.

The rule in this State is that the holder of a note secured by mortgage or trust deed, upon maturity or default in con-

dition, has three remedies—foreclosure, ejectment, and an action in assumpsit on the note. All these actions may be pursued at one and the same time and three recoveries had, though the satisfaction of one releases and precludes satisfaction or recovery under the others.

Counsel for appellee argue that the dissolution of a corporation is, in legal effect, the same as the death of a natural person. This rule was recognized in this State in *Evans* v. *Illinois Surety Co.* 298 Ill. 101, where it was held that there can be no difference in principle between the death of an individual and the dissolution of a corporation, and where death does not relieve an individual's surety from the obligation he has entered into during the lifetime of his principal, the dissolution or receivership of a corporation cannot relieve a corporate surety. In *Oklahoma Natural Gas Co.* v. *Oklahoma,* 273 U. S. 257, 71 L. ed. 634, it is pointed out that at common law and in the Federal jurisdiction, dissolution of a corporation cannot be distinguished from the death of a natural person in its effect. It is the settled law of this State that the death of a mortgagor does not cancel his debt and the mortgagee, if he so chooses, may disregard the liability of the mortgagor and look solely to the security of the mortgage. In *Waughop* v. *Bartlett,* 165 Ill. 124, the mortgager under a certain mortgage had died. The note secured by a mortgage was not filed as a claim against her estate but some six years after her death foreclosure proceedings were brought to foreclose the trust deed. It was in that case pointed out that the right of action of the mortgagee or legal holder of a mortgage note, is independent of the remedy given him by filing his claim in the probate court, and a failure to present his claim there, will not, of itself, bar the right to foreclosure of the note and mortgage not otherwise barred. It is also in that case pointed out that a proceeding for foreclosure of the note and mortgage, in so far as it seeks that only, is of the nature of a proceeding *in rem* to enforce security for the debt. This court there

said: "Where land is encumbered by mortgage or deed of trust the mortgagee is held in law to be the owner of the fee. [Citing cases.] The equity of redemption only is vested in the mortgagor or his assigns. Where mortgaged lands, therefore, descend to an executor or trustee he acquires no greater title than had his decedent, and that is a mere equity of redemption." It is also in that case held that the mortgagee's right to foreclosure of his mortgage is not to be impeded by compelling him first to resort to personal remedy, though if he desires judgment for deficiency or recourse to any property not specifically pledged, he must proceed within the time limited by the statute for filing claims against the estate.

The dissolution of the corporation in this case, therefore, did not have the effect of destroying the mortgage lien against the premises though it did bar, after two years, any action against the corporation itself. (*Dodge* v. *Mack*, 22 Ill. 93; *In re Coleman*, 174 N. Y. 373.) It follows that the limitation provided in section 94 of the Corporations act, (Ill. Rev. Stat. 1939, chap. 32, par. 157.94,) limiting suits against the corporation, its officers or stockholders, to a period of two years after dissolution, is not applicable here, though it barred any remedy against the corporation, its officers or stockholders, for it is quite a different thing to say that the lien of a mortgage on the property of the corporation would, by such delay, be discharged. In this case, when this hotel corporation was dissolved it could not sue or be sued after two years, but the obligations of its mortgage survived, and in the absence of other facts or circumstances barring enforcement of it, such remedy will be granted against the mortgaged property. In *King* v. *Harpster*, 306 Ill. 202, this court held that the right to recover on a note against the makers in a court of law is not involved in a proceeding to foreclose the lien of a trust deed on the land.

Since appellee, as holder of the junior mortgage, redeemed the property from the sale on foreclosure of the first mortgage, and the master tendered to appellants the amount paid for the redemption certificate, appellee's junior mortgage became superior to all other rights or interests in the property, and as the 1000 shares of stock in the corporation were sold by the receiver to appellee and by him later transferred to defendant Raymond Carlson, appellants have no interest or title in the premises and no defense to the foreclosure.

The decree entered in this cause is correct, and is affirmed.

*Decree affirmed.*