SECURITY NATIONAL BANK, Plaintiff and Respondent, v. COHEN, Defendant and Appellant: CLINTONVILLE SAVINGS & LOAN ASSOCIATION, Defendant.*

*June 9—July 1, 1966.*

---

* Motion for rehearing denied, with costs, on September 30, 1966.

For the appellant there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, and oral argument by *William E. Glassner, Jr.*

For the respondent there was a brief by *Laue & Goethel* of Durand, and oral argument by *Karl Goethel.*

CURRIE, C. J.   The only issue raised by appellant-defendant on this appeal which we deem possesses sufficient merit to warrant our consideration is that plaintiff's

foreclosure action is barred by sec. 180.787, Stats. This statute provides in part:

"The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders, for any right or claim existing or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 2 years after the date of such dissolution. . . ."

Strangely, the record before us does not show the date of the dissolution of the corporation. The parties and the trial court have proceeded on the assumption that such dissolution took place more than two years prior to the commencement of this foreclosure action against defendant. We shall do likewise.

Sec. 180.787, Stats., is concerned with survival of remedies against a corporation after its dissolution. The statute limits the survival of remedies available to or against a "corporation, its directors, officers or shareholders," for any right or claim or liability incurred prior to dissolution, to two years from the date of dissolution. The predecessor to sec. 180.787 was sec. 181.02, Stats. 1949, which provided that a corporation should continue in existence for three years after dissolution for the purpose of settling its affairs. We interpreted that statute as preventing enforcement of claims against the corporation after the three-year period, but to continue liability in the transferee shareholders who received assets on dissolution.[1]

---

[1] *Lindemann v. Rusk* (1905), 125 Wis. 210, 229, 230, 104 N. W. 119; *State ex rel. Pabst v. Circuit Court* (1924), 184 Wis. 301, 307, 199 N. W. 213; in *West Milwaukee v. Bergstrom Mfg. Co.* (1943), 242 Wis. 137, 140, 7 N. W. (2d) 587, this rule was applied to a transferee corporation; see also *Metropolitan Casualty Ins. Co. v. Industrial Comm.* (1951), 260 Wis. 298, 308, 309, 50 N. W. (2d) 399. See discussion of this history in Schoone, Shareholder Liability upon Voluntary Dissolution of Corporation, 44 Marquette Law Review (1961), 415, 419, 420, and Young, Some Comments

Sec. 180.787, Stats., was enacted in 1951 as part of the new business corporation code, and, although this court has not had occasion to construe this section, its effect has been interpreted by one author as follows:

"Under Section 180.787 and its counterpart in the Model Business Corporation Act, it is provided that, while the dissolution of a corporation shall not destroy any remedy available either to or against the corporation, suit must be commenced within two years after the date of dissolution. The intention of the draftsmen apparently was to place the limitation, not on the corporation's existence, but on the cause of action. The hoped-for result was the abating of causes of action against shareholders after the expiration of two years from the date of filing of articles of dissolution." [2]

However, even though sec. 180.787, Stats., could be interpreted to abate a cause of action against a shareholder or officer of a dissolved corporation once the two-year period has passed, that question is not before the court in the instant action. The present action is not a personal action against defendant, but is a foreclosure action against property now held by her and formerly held by the corporation. Plaintiff has not demanded a deficiency judgment against defendant Cohen, but only demands judgment of foreclosure of the mortgage and sale of the property. This court has characterized a mortgage foreclosure action as follows:

". . . a mortgage-foreclosure action is a quasi proceeding *in rem,* where—

" '. . . the judgment deals with the status, ownership, or liability of particular property and operates only as between the particular parties to the proceedings. Proceedings of this character, lying between the extremes of

on the New Wisconsin Business Corporation Law, 1952 Wisconsin Law Review, 5, 14, 15.

[2] Schoone, *supra,* footnote 1, 44 Marquette Law Review (1961), 415, 422; see also Young, *supra,* footnote 1, 1952 Wisconsin Law Review, 5, 15; Tyrrell, Introduction to the Business Corporation Law, Wis. Stats. Anno., p. XXV, at XXXV.

strictly *in rem* proceedings and those that are strictly *in personam*, are so characterized because judgments in them affect not only the title to the res, but likewise, rights in and to it possessed by individuals. The essential elements of an action quasi *in rem* are a res located within the territorial limits of the state in such a way that the state can, if it sees fit to do so, exercise absolute power to control and dispose of it, and a course of judicial procedure, the object and result of which are to subject the res to the power of the state directly by the judgment or decree which is entered, and which is, on its face, directed specifically toward the res so as to disclose this res to the defendant when reasonably notified of the action.' " [3]

This court has had occasion to consider a number of times a question analogous to the one at hand, whether a mortgagee can foreclose a mortgage executed to secure a note, after the shorter statute of limitations on the note has extinguished the mortgagee's rights to sue the mortgagor-debtor on the personal obligation. Consistently it has been held that "the extinguishment of an obligation by the running of the statute of limitations does not prevent the foreclosure of a mortgage given to secure the debt." [4] It would seem that the same result should be reached in the case at hand. Even though under sec.

[3] *Syver v. Hahn* (1959), 6 Wis. (2d) 154, 160, 94 N. W. (2d) 161, quoting from 1 Am. Jur., Actions, p. 437, sec. 46. See also *Markus v. Chicago Title & Trust Co.* (1940), 373 Ill. 557, 561, 27 N. E. (2d) 463, 128 A. L. R. 567.

[4] *First Nat. Bank of Madison v. Kolbeck* (1945), 247 Wis. 462, 465 [see also cases cited on p. 466], 19 N. W. (2d) 908, 161 A. L. R. 882. In *Hare v. Reddy* (1936), 222 Wis. 508, 510, 269 N. W. 294, the court said, "The fact that none of the defendants are personally liable does not prevent the enforcement of the lien of the mortgage." In accord are *Fish v. Collins* (1916), 164 Wis. 457, 459, 160 N. W. 163; *Roach v. Sanborn Land Co.* (1908), 135 Wis. 354, 359, 115 N. W. 1102; and *Cerney v. Pawlot* (1886), 66 Wis. 262, 268, 28 N. W. 183. Although there is a split of authority on this point, Wisconsin is in accord with the majority rule; see Anno. Bar of limitation against action on debt secured by mortgage as affecting suit to foreclose mortgage, 161 A. L. R. 886, 887, and 53 C. J. S., Limitations of Actions, p. 928, sec. 9.

180.787, Stats., defendant Cohen might not be personally liable at this time for any alleged violation of the release and settlement agreement, this should not prevent plaintiff from foreclosing the mortgage executed to secure that agreement.

In *Strong v. Fromm Laboratories* [5] we referred to the history underlying the enactment of the business corporation code in 1951 and the exhaustive research on the part of the joint committee of the Milwaukee and Wisconsin bar associations who drafted the code. We are confident that the members of this committee in drafting sec. 180.787, Stats., were well aware of the many Wisconsin cases which had held that the extinguishment of the mortgage debt does not extinguish the mortgage nor bar its foreclosure. Furthermore, it is likely that their research disclosed the case of *Markus v. Chicago Title & Trust Co.* [6]

In *Markus* the supreme court of Illinois was faced with the same question posed in the case at hand. In that case a suit for foreclosure was filed by the plaintiff-mortgagee and the individual defendant owners contended that it could not be maintained under Ill. Rev. Stat. 1939, ch. 32, par. 157.94, because it had not been commenced within two years after the dissolution of the mortgagor-corporation. Par. 157.94 provided:

"**Survival of remedy after dissolution.** The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution if suit thereon is brought and service of process had within two years after the date of such dissolution."

[5] (1956), 273 Wis. 159, 170, 171, 77 N. W. (2d) 389.
[6] *Supra,* footnote 3.

The similarity between the *Markus Case* and the instant case is clear from the Illinois court's statement of appellants-defendants' position:

"Appellants' case hangs on the proposition that since there has been a dissolution of the corporation and no foreclosure within two years thereafter, Mrs. Lewis is the owner of the property and the junior mortgage sought to be foreclosed in this instance is void and the debt discharged." [7]

The Illinois court, however, concluded that a foreclosure action could be maintained after the two-year period, stating:

". . . the limitation provided in section 94 of the Corporations act, (Ill. Rev. Stat. 1939, chap. 32, par. 157.94,) limiting suits against the corporation, its officers or stockholders, to a period of two years after dissolution, is not applicable here, though it barred any remedy against the corporation, its officers or stockholders, for it is quite a different thing to say that the lien of a mortgage on the property of the corporation would, by such delay, be discharged. In this case, when this hotel corporation was dissolved it could not sue or be sued after two years, but the obligations of its mortgage survived, and in the absence of other facts or circumstances barring enforcement of it, such remedy will be granted against the mortgaged property." [8]

The rationale of the holding in the *Markus Case* is in accord with our own analysis of the scope of sec. 180.787, Stats. Therefore, we determine that the trial court properly held that this statute does not bar plaintiff's remedy of foreclosure.

*By the Court.*—Order affirmed.

---

[7] *Supra*, footnote 3, at page 560.

[8] *Supra*, footnote 3, at page 562. Quoted with approval in *O'Neill v. Continental Illinois Co.* (1950), 341 Ill. App. 119, 132, 93 N. E. (2d) 160; also see 37 Am. Jur., Mortgages, p. 38, sec. 538, and Anno. Dissolution of corporation which executed mortgage, or purchased property subject to it, 128 A. L. R. 572.