UNITED STATES of America, Acting for and on Behalf of SMALL BUSINESS ADMINISTRATION, Plaintiff,

v.

Gertrude J. PALAKOW, as Executrix of the Estate of Marshall J. Palakow, Belvedere Investment Corporation (a Wisconsin Corporation), and Manuel Levin, Defendants.

No. 66–C–222.

United States District Court
E. D. Wisconsin.
April 8, 1969.

Robert J. Lerner, U. S. Atty., Milwaukee, Wis., for plaintiff.

Emil Hersh, Milwaukee, Wis., for Manuel Levin.

A. L. Skolnik, Milwaukee, Wis., for Gertrude J. Palakow.

## OPINION and ORDER

MYRON L. GORDON, District Judge.

The Small Business Administration has commenced this action contending that the defendants, Levin and Palakow, committed a breach of their fiduciary duties owed to the SBA. The defendants have moved to dismiss the complaint on the ground that the action is barred by Wis.Stat. § 180.787 since the complaint was filed more than two years after the date of dissolution of the Belvedere Investment Corporation.

Levin and Palakow were officers and directors of the now-defunct Belvedere Investment Corporation, a Wisconsin corporation. Mr. Palakow and Mr. Levin owned all the capital stock of Belvedere. The corporation filed articles of dissolution on May 4, 1964; this suit was not commenced until August, 1966.

Count number 1 of the complaint asserts that at the time the dissolution procedure was started, SBA held under assignment Mr. Levin's shares of Belvedere stock as a pledge to secure a debt owed by him to SBA. SBA asserts that it did not receive notice of any dissolution procedure and that upon dissolution and distribution of Belvedere's assets to stockholders, no assets were distributed to SBA. It is further averred that Mr. Palakow received these assets.

The gravamen of count number 1 of the complaint is that the defendants, Levin and Palakow, as directors of Belvedere knew that stock was held by SBA, and that they "were under an obligation to said Administration * * * to exercise utmost good faith to safeguard the interests of said Administration * * * and to effect distribution to Small Business Administration of its distributive share of the assets of the corporation upon dissolution, and that the defendants, Manuel Levin and Marshall J. Palakow willfully and negligently

failed to comply with such obligations and duties."

■ No basis for liability under Wis. Stat. § 180.40 is contained in count number 2 of the complaint. Count number 2 states that a loan was made by Belvedere to Levin which was not paid either at the time of dissolution or thereafter; that the defendants, as directors, assented to such loan. In opposing the motion to dismiss, the SBA urges that the claims asserted by it are for the "direct liabilities of the defendants to the plaintiff and not for personal liabilities to the corporation." Thus, it is the position of the plaintiff that its action is based on the defendants' breach of their common law obligation owed to the plaintiff, rather than a derivative action resulting from a violation of duties owed by the defendants to the corporation. Sec. 180.40 relates to the statutory liability of directors to the corporation, and is therefore inapplicable.

The defendants maintain that the suit must be dismissed because the cause of action is barred by Wis.Stat. § 180.787, which provides:

> "180.787 Survival of remedy after dissolution
>
> "The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders, for any right or claim existing or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 2 years after the date of such dissolution."

This statute has received little judicial interpretation in Wisconsin. It was considered in Security Nat'l Bank v. Cohen, at al, 31 Wis.2d 656, 143 N.W.2d 454 (1966). The case, however, is not controlling because the court stated at page 660, 143 N.W.2d at page 456:

> "However, even though sec. 180.787, Stats. could be interpreted to abate a cause of action against a shareholder or officer of a dissolved corporation once the two-year period has passed,

that question is not before the court in the instant action."

■ The legislative history behind § 180.787 suggests that the legislature was primarily concerned with relieving *shareholders* of their equitable liability after two years from the date of dissolution. Lindemann v. Rusk, 125 Wis. 210, 104 N.W. 119 (1905); Village of West Milwaukee v. Bergstrom Mfg. Co., 242 Wis. 137, 7 N.W. 587 (1943); Metropolitan Casualty Ins. Co. v. Industrial Comm., 260 Wis. 298, 50 N.W.2d 399 (1951); Comment, 33 Marq.L.Rev. 114 (1949); Schoone, 44 Marq.L.Rev. 415, 422 (1961). Nevertheless, § 180.787, in reasonably clear language, includes officers and directors, and this court cannot ignore those terms in construing the statute. It is my conclusion that the legislature of Wisconsin has barred claims against directors when such claims are brought more than two years after the filing of the articles of dissolution.

■ Although the plaintiff contends that the defendants are being charged with "direct liabilities" to the SBA, there can be no doubt that the alleged wrongs were related and integral to the corporate business. We are not here concerned with personal tortious conduct foreign to the corporation's affairs.

The plaintiff also urges that as a state statute of limitations, § 180.787 is not binding upon a sovereign. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); United States v. 93 Court Corporation, 350 F.2d 386 (2d Cir. 1965), cert. den. 382 U.S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473 (1966).

■ In my opinion, the rule that the sovereign is not bound by the statute of limitations does not apply to the case at bar since the statute in question limits capacity to sue or be sued; it is not a statute of limitation, but, rather, is a "conditional limitation upon plaintiff's right of action". See Reconstruction Finance Corp. v. Teter, 117 F.2d 716 (7th Cir. 1941); Sarelas v. McCue & Co., 291

Ill.App. 540, 10 N.E.2d 700, 702 (1937); Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147 (1937). The statute limits capacity to sue or be sued; after the expiration of the two-year period, the corporation is extinct, along with causes of action for and against it.

In Wisconsin, the state supreme court has consistently held that a "statute of limitations" extinguishes both the right and the remedy. Maryland Casualty Co. v. Belesnay, 245 Wis. 390, 14 N.W.2d 177 (1944); First National Bank of Madison v. Kolbeck, 247 Wis. 462, 19 N.W.2d 908, 161 A.L.R. 882 (1945). However, § 180.787 by its terms provides that the dissolution of a corporation shall not take away or impair any *remedy* available to or against the corporation if action is commenced within two years. The statute is silent with respect to abolition of the right. The conclusion that § 180.787 is not a statute of limitation, as that term is defined in Wisconsin, is bolstered by the fact that the Wisconsin statutes of limitation are contained in Chapter 893, Wis.Stats. (1967).

In Maryland Casualty Co. v. Belesnay, 245 Wis. 390, 393, 14 N.W.2d 177, 178 (1944), the court said:

> "In Wisconsin the running of the statute of limitations *absolutely* extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right *and it is a right which enjoys constitutional protection.*" (emphasis added)

If the section in question were to be regarded as a statute of limitations, it would, under Wisconsin law, create a property right. Lundquist v. Coddington Bros. Inc., 202 F.Supp. 19 (W.D. Wis.1962). It would then be doubtful whether the sovereign could enjoy an immunity from such statute of limita-tion and thereby defeat a constitutionally protected property right under state law.

It is my conclusion that the defendants' motions to dismiss must be granted. Accordingly, there is no need for the court's considering the defendant Levin's motion for summary judgment.

Now, therefore, it is ordered that the defendants' motions to dismiss the complaint be and hereby is granted.