BRUCE DILLMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

BLAIR DILLMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3587-74, 3594-74.    Filed August 5, 1975.

*V. Downing Edwards,* for the petitioners.
*F. Patrick Matthews,* for the respondent.

OPINION

DRENNEN, *Judge:* These cases have been consolidated for purposes of this opinion and are here on petitioners' Motions for Summary Judgment. The issue raised by the motions is whether Wisconsin Statutes Annotated section 180.787, which provides for survival of remedies against a corporation and its stockholders for a period of 2 years after dissolution of the corporation, bars issuance of valid notices of transferee liability and assessment of a

---

deficiency in the corporate tax incurred before dissolution against stockholder-distributees of the corporate assets on liquidation where the notices of transferee liability are issued more than 4 years after the corporation was dissolved but within 1 year after expiration of the period within which respondent could have issued a notice of deficiency to the corporation and assessed the tax under section 6901(c), I.R.C. 1954.[1]

The motions were submitted on stipulations of facts filed by the parties and were taken under advisement by the Court to permit the parties to file briefs. The pertinent stipulated facts are as follows:

Dillman Bros. Asphalt Co., Inc. (hereinafter Dillman Bros.), was a Wisconsin corporation having its principal office at Lancaster, Wis. Dillman Bros. is the petitioner in the case before this Court bearing docket No. 4238-73.

Dillman Bros. filed its 1966 Federal corporate income tax return on March 16, 1967, with the District Director of Internal Revenue at Milwaukee, Wis., and its 1969 Federal corporate income tax return on March 19, 1970, with the Director of the Internal Revenue Service Center at Kansas City, Mo.

On February 11, 1970, articles of dissolution for Dillman Bros. were filed with the Department of State of Wisconsin which issued a certificate of dissolution on the same date. The articles of dissolution and the certificate of dissolution were filed with the register of deeds for Crawford County, Wis., on February 17, 1970.

Dillman Bros. was dissolved and ceased its corporate existence on February 17, 1970. All of its assets, greater in value than the proposed income tax deficiencies asserted against Dillman Bros., were distributed on a pro rata basis on or before February 11, 1970, to Bruce Dillman and Blair Dillman, each of whom had held 50 percent of the outstanding stock of Dillman Bros. As a result of said distribution Bruce Dillman and Blair Dillman each received over $70,900.55.

By statutory notice of deficiency sent to Dillman Bros. on March 14, 1973, the Commissioner determined deficiencies in corporate income tax for the taxable years 1966 and 1969 in the amounts of $1,342.64 and $69,557.91, respectively. The mailing of the statutory notice was over 3 years after the dissolution of

---

[1] See the opinion issued on even date herewith in the case of *Dillman Bros. Asphalt Co.,* 64 T.C. 793 (1975), a related case.

the company was completed, but within 3 years of the filing of the company's income tax return for 1969.

On February 16, 1973, Dillman Bros. and respondent executed a Special Consent Fixing Period of Limitation Upon Assessment of Income Tax (Form 872-A) for 1969. No other such special consents were executed. The deficiency determined against Dillman Bros. for its taxable year 1966 is attributable to the disallowance of a tentative refund made to Dillman Bros. upon its application for a net operating loss carryback from its taxable year 1969 to its taxable year 1966.

The statutory notices of liability determining their liability as transferees of Dillman Bros. for the aforementioned tax deficiencies asserted against it for 1966 and 1969 were mailed to Bruce and Blair Dillman, alleged transferees of Dillman Bros., on March 13, 1974, over 4 years after dissolution of Dillman Bros. was completed but within 4 years of the filing of the company's income tax return for 1969.

No Consent Fixing Period of Limitation on Assessment of Liability at Law or in Equity for Income, Gift, and Estate Tax, Against a Transferee or Fiduciary (Form 977), was ever executed by Bruce or Blair Dillman.

There are issues of fact as to whether Dillman Bros. incurred any section 1245 gain on the sale of its equipment in 1969 and whether Dillman Bros. incurred a net operating loss in the taxable year 1969 which may necessitate a trial on the merits.

The grounds stated in petitioners' motions for summary judgment are (1) the Commissioner was without jurisdiction and was barred from assessing any transferee liability against petitioners when he issued the notices of transferee liability to petitioners by Wisconsin Statutes section 180.787, and (2) the petitioners are not liable as transferees because the time during which the petitioners could be held liable as transferees of Dillman Bros. expired under Wisconsin Statutes section 180.787 before the Commissioner issued the notices of transferee liability.

On brief petitioners state as the reason for the first ground stated above that the Commissioner was without jurisdiction to assess a deficiency against Dillman Bros. more than 2 years after it was dissolved, under the Wisconsin statute, and for that reason was also without jurisdiction to issue notices of transferee liability against petitioners as transferees of Dillman Bros. We

think petitioners have misapplied the authority upon which they rely in support of this argument.

Respondent's "jurisdiction," or more aptly his authority, for issuing a notice of transferee liability is derived solely from the Federal statutes. Section 6901(a) of the Internal Revenue Code of 1954 provides that with respect to transferred assets the method of collecting liabilities shall be the same, and subject to the same limitations, as in the case of taxes with respect to which the liabilities were incurred; specifically the liability, at law or in equity, of a transferee of property of a taxpayer upon whom is imposed an income tax. Under subsection (b) the liability referred to in subsection (a) may be either as to the amount of tax shown on a return or as to any deficiency or underpayment of any tax. Subsection (c) in pertinent part provides that the period of limitations for assessment of any such liability of a transferee shall be, in the case of an initial transferee, "within 1 year after the expiration of the period of limitation for assessment against the transferor." Subsection (h) defines a transferee as including a "donee * * * and distributee."

The effect of these provisions is to require the Commissioner, before assessing transferee liability for income tax, to issue to the transferee a notice of transferee liability just as he must mail to a taxpayer a notice of deficiency before assessing additional income tax. Subsection 6901(g) recognizes that a notice of transferee liability may be issued to a dissolved corporation by providing that, absent notice of a fiduciary relationship, the notice shall be sufficient if mailed to the person subject to such liability at his last known address even if, "in the case of a corporation, [it] has terminated its existence." The same rule applies with respect to the address for a notice of deficiency under section 6212(b).

The transferee liability provisions of the Internal Revenue Code were described in *Commissioner v. Stern*, 357 U.S. 39 (1958), as neither creating nor defining a substantive liability but as merely providing a new procedure by which the Government may collect taxes. The statute in no way changes the extent of the liability of the transferee; it merely provides a summary procedure for collection of the liability in lieu of the old procedure in equity. In *Phillips v. Commissioner*, 283 U.S. 589 (1931), the Supreme Court affirmed the right of the Commissioner to use, and the constitutionality of, this new remedy for enforcing existing liability of transferees, at law or in equity.

The notice of transferee liability is simply a notice sent to the transferee, as required by Federal statute before assessment can be made, that the Commissioner has determined that transferee liability exists and proposes to assess the liability, giving the transferee 90 days within which to petition the Tax Court for a redetermination of the existence of the liability. See *W. W. Cleveland*, 28 B.T.A. 578 (1933), affd. per curiam 77 F.2d 184 (5th Cir. 1935). Certainly a State statute cannot control the procedures established by the Federal Government for collection of taxes due it; and we do not believe the Wisconsin statute attempts to do so.

Since the issuance of a notice of transferee liability is a step in a summary procedure authorized by Federal statute for collection of transferee liability if any exists, Wisconsin Statutes section 180.787,[2] relied on by petitioners, has nothing to do with the jurisdiction, or authority, of respondent to issue the notices.

Furthermore, it is well settled that when a corporate taxpayer has been dissolved and has no assets there is no need to issue a statutory notice of deficiency to the corporation in order to impose liability on the transferees, because to do so would be a useless act. *Ray A. Maher*, 55 T.C. 441 (1970), affd. in part and remanded 469 F.2d 225 (8th Cir. 1972); *Associates Investment Co.*, 59 T.C. 441 (1972); *W. W. Cleveland, supra; United States v. Floersch*, 276 F.2d 714 (10th Cir. 1960). This rule has been held to apply even when the statute of limitations barred assessment of the tax against the taxpayer. *Ray A. Maher, supra; United States v. Floersch, supra.*

Thus petitioners' argument, that respondent was without jurisdiction to issue notices of transferee liability to petitioners because at the time he did so he was without jurisdiction to assess a deficiency against Dillman Bros., is without foundation. We need not determine whether respondent could assess a deficiency against the corporation at that time.

---

[2] Sec. 180.787. The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 2 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as is appropriate to protect such remedy, right or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of 2 years so as to extend its period of duration.

The second ground stated in petitioners' motions for summary judgment gives rise to a more difficult problem, i.e., whether section 180.787 of the Wisconsin Statutes, quoted in footnote 2, either (1) bars respondent from assessing transferee liability against petitioners or (2) relieves petitioners from transferee liability. We agree with respondent that it does neither.

The pertinent part of the Wisconsin statute provides:

> The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders, for any right or claim existing or any liability incurred, prior to dissolution if action or other proceeding thereon is commenced within 2 years after date of such dissolution. * * *

Literally, this provision would appear to be a statute of limitations because it is concerned with "any remedy available" to or against a dissolved corporation or its shareholders. In 1885 the Supreme Court clearly stated that a statute of limitations destroys the remedy, not the right, see *Campbell v. Holt,* 115 U.S. 620 (1885). The Fifth Circuit recently reiterated that principle. *Lucia v. United States,* 474 F.2d 565 (5th Cir. 1973). If the provision is a statute of limitations, it is clear that the Government is not bound by a State statute of limitations. *United States v. Summerlin,* 310 U.S. 414 (1940). However, the Supreme Court of Wisconsin in a rather indirect manner in *Bazan v. Kux Machine Co.,* 52 Wis. 325, 190 N.W.2d 521 (1971), interpreted section 180.787 as not being a 2-year statute of limitations under Wisconsin law. In the *Bazan* case it would appear that the applicable law for construction was Illinois law but the court nevertheless approved the interpretation of the Wisconsin statute by the United States District Court in *United States v. Palakow,* 298 F.Supp. 1378 (E.D. Wis. 1969).[3] In the *Palakow* case the District Court found that the Wisconsin Supreme Court had "consistently held that a 'statute of limitations' extinguishes

---

[3] About 8 months prior to the decision of the Wisconsin court in *Bazan v. Kux Machine Co.,* 52 Wis. 325, 190 N.W.2d 521 (1971), the Seventh Circuit reversed the District Court in the *Palakow* case, but this fact is not noted in the opinion of the Wisconsin court. The Seventh Circuit held that since the charge against Palakow was for personal liability to the SBA and neither for nor against the corporation, its shareholders, or directors, it was not subject to the bar of sec. 180.787 of the Wisconsin Statutes. It went on to hold that even if the claim were construed as being against a director of the corporation qua director it would not be barred by the 2-year limitation of the section because the section applies only to suits which would have abated upon dissolution of the corporation. Since under *Lindemann v. Rusk,* 125 Wis. 210, 104 N.W. 119 (1905), a claim that a director had breached his fiduciary duty in handling the assets of a dissolved corporation may be brought after the existence of the corporation has terminated, sec. 180.787 had no application to the suit.

both the right and the remedy"; that since section 180.787 of the Wisconsin Statutes dealt only with the remedy and not the right, it was not a statute of limitations; that it limits the capacity to sue or be sued and rather than a statute of limitations it is a "conditional limitation upon plaintiff's right of action."

It would also seem that this case might be summarily disposed of on the authority of *United States v. Summerlin, supra.* That case involved a claim of the United States against the estate of a decedent who died a resident of Florida. A Florida statute provided that no claim or demand shall be valid or binding upon an estate unless reduced to writing and filed in the office of the county judge granting letters within 8 months after the first publication of notice to creditors. The United States filed its claim more than 8 months after publication of notice. The Supreme Court of Florida affirmed the judgment of the lower Florida courts holding that the claim was "void" because not timely filed. The United States Supreme Court noted that it is well settled that the United States is not bound by State statutes of limitations but recognized that the Florida courts had said that the statute in question was not a statute of limitations but rather a statute of "nonclaim" for the orderly and expeditious settlement of decedent's estates. The Court said:

> If this were a statute merely determining the limits of the jurisdiction of a probate court and thus providing that the County Judge should have no jurisdiction to receive or pass upon claims not filed within the eight months, while leaving an opportunity to the United States otherwise to enforce its claim, the authority of the State to impose such a limitation upon its probate court might be conceded. But if the statute, as sustained by the state court, undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, because not filed within eight months, we think the statute in that sense transgressed the limits of state power. * * * [310 U.S. at 417.]

Similarly, if the Wisconsin statute here ˌinvolved merely extends the right to bring claims against a dissolved corporation or its shareholders for a period of 2 years after dissolution, which claims may otherwise have abated upon dissolution of the corporation, it may well be within the authority of the State to so provide. But if the statute is interpreted to invalidate a claim of the United States against the distributees of a dissolved corporation's assets for taxes incurred by the corporation before dissolution, which claim is otherwise valid and enforceable in equity under the trust fund doctrine, see *Village of West Milwaukee v. Bergstrom Mfg. Co.,* 242 Wis. 137, 7 N.W.2d 587

(1943), and *State v. Circuit Court for Milwaukee County*, 184 Wis. 301, 199 N.W. 213 (1924), we think this statute likewise transgresses the limits of State power.

The contention that the Wisconsin corporate dissolution statute, which was a predecessor of the current statute, furnished an exclusive remedy for creditors and abrogated previously available equitable remedies was emphatically rejected by the Wisconsin Supreme Court in *Lindemann v. Rusk,* 125 Wis. 210, 104 N.W. 119, 125 (1905), wherein it said:

> The contention seems an unwarranted construction of this statute, in view of the requirements for the protection of private rights and interests in its assets. This section, in effect, extends the life of a corporation for three years to accomplish final liquidation of its affairs through its directors, and there is nothing which suggests that the usual equitable remedies should not be resorted to at the expiration of such period, if the directors fail to accomplish this object within that time. * * *

We recognize that the wording of the current statute differs from the statute under consideration in the *Lindemann* case, and that it has been said in *United States v. Palakow, supra,* that "the legislative history behind §180.787 suggests that the legislature was primarily concerned with relieving *shareholders* of their equitable liability after two years from the date of dissolution," but we adhere to the philosophy that a statute should be interpreted, where possible, in a manner that will uphold its validity. We do not believe the Wisconsin statute here involved should be interpreted to abrogate a valid claim of the United States against the assets of the dissolved corporation and thus jeopardize its validity. As said by the Second Circuit in *Commissioner v. Renyx,* 66 F.2d 260, 261 (1933):

> The argument that no valid assessment could be made against the corporation after January 31, 1923, because under the laws of Delaware the legal existence of a dissolved corporation is continued for the term of three years only, is too palpably unsound to require discussion. Cf. Phillips v. Commissioner, 283 U.S. 589, 602, 603, 51 S. Ct. 608, 75 L.Ed. 1289.

In *Phillips v. Commissioner, supra,* the Supreme Court, possibly for the first time, had under consideration the validity and application of section 280(a)(1) of the Revenue Act of 1926, a predecessor of section 6901, providing the summary procedure for the assessment and collection of transferee liability against stockholders of a dissolved corporation. It was contended that the proceeding by the United States to enforce the liability for the

tax was barred by the Pennsylvania statute of limitations on suits against stockholders. The Court pointed out that the United States is not bound by State statutes of limitations unless Congress provides that it shall be, and that the detailed limitation periods specified in section 280 evidenced the intention that they alone should be applicable to the proceedings therein authorized. The Court also said, after discussing the tax liability of a transferee under State law: "We have, therefore, no occasion to decide whether the right of the United States to follow transferred assets is limited by any state laws." (283 U.S. at 602.)

Despite our conclusion under the principles discussed above that Wisconsin Statutes section 180.787, does not limit the time within which respondent can issue a notice of transferee liability and assess the tax against the transferees of the dissolved corporation's assets, we must further examine the statute to determine whether it abrogates or absolves the liability of the stockholders as transferees. It is clear that the existence and extent of transferee liability shall be determined by State law. *Commissioner v. Stern,* 357 U.S. 39 (1958). Petitioners claim that the Wisconsin statute as interpreted by the Wisconsin Supreme Court in *Bazan v. Kux Machine Co., supra,* abrogates a stockholder's liability as a transferee of a dissolved corporation's assets unless suit to enforce that liability is commenced within 2 years after dissolution. We disagree.

The most that can be attributed to the Supreme Court of Wisconsin in its opinion in the *Bazan* case is that it approved the U.S. District Court's construction of the statute in the *Palakow* case to be not a statute of limitations but rather a limitation on the capacity to sue or be sued; it did not have under consideration whether the Wisconsin statute abrogated the liability of a stockholder as a transferee. In fact, a stockholder's liability as a transferee of the assets of a dissolved corporation is more directly dealt with in chapter 242 of the Wisconsin Statutes which adopts the Uniform Fraudulent Conveyance Act. In *Coca-Cola Bottling Co. of Tucson,* 37 T.C. 1006 (1962), affd. 334 F.2d 875 (9th Cir. 1964), this Court found transferee liability against shareholders of a dissolved corporation under Arizona statutes similar to the above-cited Wisconsin statute.

Section 180.787 of the Wisconsin Statutes does not speak in terms of limiting liability; it speaks in terms of extending the remedy of claimants against a corporation or its stockholders for

claims that would otherwise expire upon the dissolution of a corporation for a period of 2 years after dissolution. The claim of the United States against a stockholder for the corporate tax due as a transferee was not extinguished by the dissolution of the corporation. This has long been recognized by the Wisconsin courts. See *Village of West Milwaukee v. Bergstrom Mfg. Co., supra; State v. Circuit Court for Milwaukee County, supra; Lindemann v. Rusk, supra.* The imposition of transferee tax liability is based on an action in rem, *United States v. Floersch, supra,* and its existence in the case of a stockholder is by definition incurred upon dissolution. *Coca-Cola Bottling Co. of Tucson, supra.* The right of the United States to pursue those assets in the hands of the stockholder for collection of taxes due from the corporation by suit in equity has long been recognized and this has not been affected by State corporate dissolution statutes. The summary procedure for collection against a transferee provided in section 6901, I.R.C. 1954, is a substitute for the equity proceedings. The Federal statute fixes its own timetable for such procedure and Congress has indicated that the timetable it provided shall be exclusive. If a State statute attempts to limit the time within which the Government can proceed by a statute of limitations the statute will not be binding on the Government. If the State statute attempts to abrogate or void the existing claim of the United States by use of a different timetable it will be attempting to reach beyond its powers. By whatever name such a statute might be called it would be in effect a statute of limitations not binding on the United States.

We do not believe the Wisconsin statute here involved determines the substantive liability of a stockholder as a transferee. Cf. *Security National Bank v. Cohen,* 31 Wis.2d 1177, 143 N.W.2d 454 (1966); *Markus v. Chicago Title & Trust Co.,* 373 Ill. 557, 27 N.E.2d 463 (1940). That has been determined under both State and Federal decisional law, which holds that a stockholder is liable for the predissolution taxes of the dissolved corporation to the extent of the value of the assets he received in liquidation. See also chapter 242 of the Wisconsin Statutes, *supra.* Rather the statute extends the remedies of claimants against the stockholders qua stockholder. We so conclude here.

The transferee liability here involved is quite different from that involved in the *Stern* case wherein the Court found that under local State law the beneficiary of a life insurance policy

was not liable as transferee for the debts of the insured-decedent, absent fraud. Such liability had not existed prior to enactment of the State statute involved.

Dillman Bros.' income tax return for 1969 was filed on March 16, 1970. Under section 6501(a) respondent had until March 16, 1973, at least, to assess any deficiency in tax for 1969 against the corporation. The notices of transferee liability issued to petitioners upon which the petitions in these cases were predicated were mailed to petitioners on March 13, 1974, which was within 1 year after the expiration of the period for assessment of the tax against the transferor-corporation, Dillman Bros. Asphalt Co., Inc., and was thus timely and valid under section 6901(c)(1), I.R.C. 1954. Petitioners' motions for summary judgment are therefore denied.

*An appropriate order will be entered.*